IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marco Bates, #249552, ) | |
| ) | C/A No. 0:08-2273-HMH-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| McKiether Bodison, Warden of Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 23). The petitioner, Marco Bates ("Bates"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent has filed a motion for summary judgment. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 28.) Following an extension of time, Bates filed a response in opposition to respondent's motion. (Docket Entry 35.) This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Bates was indicted in June 1997 in Spartanburg County for murder and possession of a firearm during the commission of a violent crime (97-GS-42-2599). (See App. at 966-67, Docket Entry 24-11 at 117-18.) He was subsequently indicted for discharging a firearm into a dwelling (98-GS-42-2419). (See App. at 9, Docket Entry 24-2 at 21.) Bates was represented by Mike Bartosh, Esquire, and from May 4-7, 1998, was jointly tried with two co-defendants by a jury and found guilty

of all charges.[1] (App. at 764, Docket Entry 24-10 at 10.) The circuit court sentenced Bates to life in prison for murder. Additionally, Bates was sentenced to ten years' imprisonment for discharging a firearm into a dwelling and five years' imprisonment for possession of a firearm, both to be served concurrently to his murder sentence. (App. at 773, Docket Entry 24-10 at 19.)

Bates timely filed a direct appeal. On appeal, Bates was represented by Robert M. Dudek, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On April 3, 2000, Attorney Dudek filed a Final Brief of Appellant, in which he raised the following issue:

> Whether the judge erred by refusing to instruct the jury on voluntary manslaughter, where there was evidence the drug dealers robbed defendant Thomason by intimidation with a weapon, where the state's evidence also was that the three defendants were enraged by the robbery, acted in concert, proceeded a short distance to the drug dealer's trailer, and shot at it, since this was a shooting in a heat of passion upon a sufficient legal provocation?

(App. at 783, Docket Entry 24-10 at 30.) The South Carolina Supreme Court affirmed Bates's convictions and sentence. (App. at 826-27, Docket Entry 24-10 at 73-74). Bates's Petition for Rehearing was denied and the remittitur was issued on January 10, 2001. (App. at 828-29, Docket Entry 24-10 at 75-76.)

Bates filed two applications for post-conviction relief ("PCR"), one on December 26, 2001 and one January 9, 2002, which appear to have been combined via Order of Merger dated September 18, 2002. (See Order of Dismissal, App. at 951, Docket Entry 24-11 at 102 n.1; see also Bates v. State of South Carolina, 02-CP-42-0055, App. at 830, Docket Entry 24-10 at 77.) The State filed a Return on September 12, 2002. (App. at 848, Docket Entry 24-10 at 95.) Bates also filed

---

[1]Thomas Thompson and Jarvis Thomason were Bates's co-defendants and were indicted and tried on similar charges stemming from the same April 11, 1997 incident. Thompson's charges were identical to Bates's and he received an identical sentence. Thomason was acquitted of murder but convicted of discharging a firearm into a dwelling, and received a sentence of ten years' imprisonment.

amendments to his PCR Application on September 22, 2004 and December 16, 2004. (App. at 854, 857, Docket Entry 24-11 at 5, 8.) Bates raised numerous claims of ineffective assistance of trial and appellate counsel in his application and amendments.

On December 17, 2004, the PCR court held an evidentiary hearing at which Bates testified on his own behalf and was represented by Scott D. Robinson, Esquire. (App. at 859, Docket Entry 24-11 at 10.) On November 21, 2006 the PCR court entered an order of dismissal with prejudice. In the order, the PCR court rejected Bates's arguments that trial counsel was ineffective for failing to: (1) move to suppress co-defendant Jarvis Thomason's statement; (2) move to sever; (3) object regarding the three possible witnesses' statements and to investigate and call these witnesses; (4) hire and call an expert witness; (5) investigate the bullet found in a tree; (6) object to the alternate juror; (7) argue the trial court lacked subject matter jurisdiction based on the arrest warrant; and (8) move to quash the indictments. The PCR court further rejected Bates's allegations that appellate counsel was ineffective for failing to: (1) preserve the arguments that the trial court erred in denying the motion to sever, denying the motion for a directed verdict, and instructing the jury on the theory of accomplice liability; (2) argue that the trial court erred in denying a motion to instruct the jury regarding the credibility of witnesses who violated the sequester order; and (3) challenge the trial court's subject matter jurisdiction based on the indictments. (Order of Dismissal, App. at 951-65, Docket Entry 24-11 at 102-16.)

Bates timely appealed to the South Carolina Supreme Court. On his PCR appeal, Bates was represented by Wanda H. Carter, Esquire, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense's Division of Appellate Defense. On June 1, 2007, Attorney Carter filed a

Johnson[2] Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which she raised the following issue:

> Trial counsel erred in failing to investigate further into the forensic firearms evidence and to present expert evidence establishing that the fatal bullet fired did not come from petitioner's gun nor his co-defendant's gun (in anticipation of accomplice liability argument).

(Docket Entry 24-12.) Bates then filed a *"Pro Se* Response Johnson Petition for Writ of Certiorari By and Through Attorney of Record Wanda H. Carter" in which he alleged the following:

    I.      Appellate Counsel was ineffective for failing to raise the issue that the trial Court erred in denying the motion for a directed verdict.

    II.     Appellate Counsel was ineffective for failing to raise the issue that trial Court erred in denying the motion to sever.

    III.    Ineffective assistance of trial Counsel for failure to hire and call an expert witness.

    IV.    Ineffective assistance of trial Counsel for failure to investigate the bullet found in the tree.

(Docket Entry 24-13.)

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

On May 2, 2008, the South Carolina Supreme Court denied the petition for a writ of certiorari (Docket Entry 24-14) and, on May 20, 2008, issued the remittitur (Docket Entry 24-15).[3]

In Bates's petition for a writ of habeas corpus filed in this court, he raises the following claims:

> **Ground One:** Whether the Court erred in [failing to charge] the Jury with Voluntary Manslaughter.
>> **Supporting Facts:** There was evidence of sufficient provocation to support the lesser included offense, this was a question to be decided by the jury, and in denying the charge I was denied a fair trial.
>
> **Ground Two:** Ineffective Assistance of Counsel.
>> **Supporting Facts:** I was denied the constitutional guarantee to the right of effective representation of trial Counsel.
>>> **(A)** Counsel was ineffective for failing to move to supp[]ress co-defendant Jarvis Thomason's statement. Counsel should have objected to the statement being entered into evidence. Although counsel did get Petitioner's name redacted, it still did not remove the prejudice in such that it raises a Bruton issue, simply because the redaction prejudiced Petitioner. Surely the jury knew who's [sic] name was redacted and the appearance of the redacted "name and involvement" surely prejudiced Petitioner in that resulted in an unfair trial.
>>> **(B)** Counsel was ineffective for failing to object regarding the three possible witnesses' statements and to investigate and call these witnesses. Trial Counsel at PCR testified that the witnesses' statements contained hearsay, which he did not believe would be admissible. Yet this would be an issue for the Court and an in-camera hearing to determine. By Counsel failing to investigate a plausible defense, it clearly denied Petitioner his constitutional guarantee to effective assistance of counsel and his constitutional right to a fair trial. The PCR Judge ruled that Petitioner did not present these witnesses at the PCR hearing. Again, the State has appointed PCR counsel, in which Petitioner has no control over.

---

[3]After his petition for a writ of certiorari was denied, Bates contends that he immediately filed a state habeas corpus petition in the original jurisdiction of the South Carolina Supreme Court. Although the record is devoid of any evidence of this petition, Bates asserts that he raised the following issues: (1) ineffective assistance of PCR counsel for failure to address all available PCR issues in Bates's PCR application and at his PCR hearing, (2) the unconstitutionality of the jury instructions, and (3) the failure of counsel to challenge the defective indictment prior to trial. (Petr.'s Resp. Opp. Summ. J., Docket Entry 35 at 6.)

> Petitioner should not be penalized because appointed PCR Counsel did not subpoena these witnesses. The PCR Court simply ruled arbitrarily and capriciously in such that the PCR Court's Order of denial supplied counsel with reasonable reasons.
> **(C)** Counsel was ineffective for failing to hire and call an expert witness. At PCR, Counsel testified that he did consult with an expert witness. And that he hired Don Gurnt. According to trial counsel Gurnt determined the fatal bullet came from outside the trailer, so counsel said he did not call Gurnt as a witness. Now in looking at this issue, Counsel's testimony about what Gurnt (allegedly) said or would have testified to carry (NO) weight because Gurnt did (NOT) testify at the PCR hearing, so counsel's cover-up testimony about what Gurnt supposedly said is without merit and should not be given any weight. Surely this cannot be considered strategic.

> **Ground Three:** Ineffective PCR Counsel.
> **Supporting Facts:** Post-conviction relief Counsel failed to follow procedure mandated by law and in doing so violated Petitioner's Constitutional Rights by denying Petitioner due process.

> **Ground Four:** Indictment Defective and Unconstitutional Jury Instruction.
> **Supporting Facts:** PCR Counsel failed to address Trial Counsel's failure to address these two issues. Therefore Petitioner addressed them through State Habeas Corpus.

(See Pet., Docket Entry 1.)

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When

reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.    Respondent's Motion for Summary Judgment**

**1.    Ground One (Lesser Included Offense Instruction)**

Bates's first ground for relief alleges that the trial court denied him a fair trial by refusing to charge the jury regarding the lesser included offense of voluntary manslaughter. Bates contends that there was evidence of sufficient provocation to support an instruction on the lesser included offense. In response, the respondent asserts that Bates is not entitled to relief because (1) the failure to give lesser offense instructions in non-capital cases does not present a federal question; and (2) in light of case law from outside of the Fourth Circuit demonstrating a split of authority, and in the absence of clearly established United States Supreme Court precedent holding that due process requires the giving of an instruction on a lesser included offense, application of such a rule in this proceeding would violate the non-retroactive principle announced in Teague v. Lane, 489 U.S. 288 (1989).[4]

The United States Supreme Court has held that the failure to provide lesser included offense instructions to a jury may present a federal question in *capital* cases. See Beck v. Alabama, 447 U.S. 625 (1980). However, the Supreme Court explicitly reserved the question as to whether this ruling extends to non-capital cases. Id. at 638 n.14. Further, there is a split among the circuit courts as to whether the failure to give an instruction on a lesser included offense in a non-capital case presents a federal question. The United States Court of Appeals for the Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have held that it does not. See Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir.

---

[4]Additionally, the respondent argues in the alternative that there were no facts presented at trial to support the charge of voluntary manslaughter, so the trial judge's ruling of insufficient evidence to warrant a lesser included offense instruction was not so wrong as to amount to a fundamental miscarriage of justice. In light of its recommendation on the respondent's first two issues, the court need not thoroughly address this alternative ground. Nonetheless, the court has fully reviewed the record and finds no evidence of "extraordinary circumstances" that would warrant a federal court to set aside the state court's findings of insufficient evidence for a lesser included offense instruction; nor do the state court's findings amount to a "fundamental miscarriage of justice." See Larry v. Branker, 552 F.3d 356, 364 (4th Cir. 2009).

1988); Turner v. Armontrout, 922 F.2d 492, 494 (8th Cir. 1991); Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir. 1984); Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir. 1990); Perry v. Smith, 810 F.2d 1078 (11th Cir. 1987). The Second and Ninth Circuits have declined to adopt a rule "interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases," as it "would involve the announcement of a new rule," and is precluded under the holding of Teague v. Lane, 489 U.S. 288 (1989). Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996); see also Turner v. Marshall, 63 F.3d 807, 818-19 (9th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has addressed this issue only in an unpublished *per curiam* opinion. See Robinson v. N.C. Attorney Gen., 238 F.3d 414, 2000 WL 1793060 (4th Cir. Dec. 7, 2000) (Table). In Robinson, the Fourth Circuit noted that the Supreme Court had not addressed this issue and there was no consensus among the circuit courts on this question. Therefore, the court concluded, like the Second and Ninth Circuits, that extending the holding in Beck to non-capital cases would "require the enunciation and retroactive application of a new rule, in violation of § 2254(d)(1) and Teague v. Lane, 489 U.S. 288 (1989)." Id.

The First, Sixth, and Seventh Circuits have concluded that the appropriate test is whether the state court finding of insufficient evidence to warrant a lesser included offense instruction was so wrong as to amount to a fundamental miscarriage of justice. See Tata v. Carver, 917 F.2d 670, 671 (1st Cir. 1990); Bagley v. Sowders, 894 F.2d 792, 797 (6th Cir. 1990) (*en banc*); Robertson v. Hanks, 140 F.3d 707 (7th Cir. 1998). Only the Third Circuit has extended the ruling in Beck to non-capital cases. Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988), called into doubt by Geschwendt v. Ryan, 967 F.2d 877, 885 n.13 (3d Cir. 1992).

As stated above, to warrant federal habeas relief, the state court decision must be "contrary to, or involve[] an unreasonable application of clearly established federal law *as decided by the*

*Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1), (2) (emphasis added). Accordingly, it is Supreme Court precedent, and not that of the circuit courts, that applies pursuant to § 2254. See Carey v. Musladin, 549 U.S. 70, 653-43 (2007) (noting that the lower courts have "diverged widely" on an issue and holding that, given the lack of precedent from the United States Supreme Court on an issue, then, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law'") (quoting § 2254(d)(1)); Bustos v. White, 521 F.3d 321, 325 (4th Cir. 2008) (stating that "it is Supreme Court precedent, and not Fourth Circuit precedent, to which we look in applying the AEDPA standard of review") (citing Williams v. Taylor, 529 U.S. 362, 381-82, 390 n.15 (2000)). Thus, in the absence of any Supreme Court precedent holding that the failure to provide lesser included offense instructions in non-capital cases implicates a federal right, it cannot be said that the state court violated clearly established federal law as decided by the Supreme Court of the United States.

Therefore, Bates is not entitled to habeas relief on this ground.

### 2.     Ground Two (Ineffective Assistance of Counsel)

Bates's second ground for relief is ineffective assistance of counsel, including three separate allegations: (1) counsel failed to move to suppress his co-defendant Thomason's statement; (2) counsel failed to object regarding the three possible witnesses' statements and to investigate and call these witnesses; and (3) counsel failed to hire and call an expert witness.

#### i.     Procedural Bar

There appears to be no dispute that Bates's third claim of ineffective assistance of counsel was raised to the state's highest court. However, the respondent contends that claims one and two were not, and that therefore, those claims are procedurally barred from federal habeas review. In response, Bates contends that all of his grounds for federal habeas relief have been raised to the

South Carolina Supreme Court. In support of this assertion, Bates states that immediately after his petition for a writ of certiorari on his PCR application was denied, he filed a state habeas corpus petition in the original jurisdiction of the South Carolina Supreme Court. Bates asserts that he raised the following issues in that petition: (1) ineffective assistance of PCR counsel for failure to address all available PCR issues in Bates's PCR application and at his PCR hearing, (2) the unconstitutionality of the jury instructions, and (3) the failure of counsel to challenge the defective indictment prior to trial. (Petr.'s Resp. Opp. Summ. J., Docket Entry 35 at 6.)

Even assuming Bates's statement is correct and that this Petition would be a legally sufficient method of raising a post-conviction claim to the state's highest court, Bates still has not presented his first two claims of ineffective assistance of counsel to the state's highest court. Bates's first two claims of ineffective assistance of counsel in the instant Petition are that trial counsel failed to (1) move to suppress his co-defendant Thomason's statement and (2) object regarding the three possible witnesses' statements and to investigate and call these witnesses. These issues were not raised in his PCR appeal and, even according to Bates, were not raised in the petition Bates claims to have filed after the South Carolina Supreme Court denied his petition for certiorari. Thus, because Bates has not properly exhausted these claims and has not demonstrated sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims, see Coleman, 501 U.S. at 750, these claims are procedurally barred from federal habeas review. Therefore, Bates is not entitled to habeas relief on these claims.

### ii.     Ineffective Assistance of Counsel Generally

A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, Bates must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668

(1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Bates must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Bates "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

### iii.    Claim Three (Failure to Retain and Call an Expert Witness)

Bates's third claim of ineffective assistance of counsel—the only one properly before this court—is that trial counsel was ineffective for failing to hire and call an expert witness. At the PCR hearing, Bates testified that trial counsel indicated they did not have funds for an expert, and that Bates never knew an expert had been hired. (App. at 895-97, Docket Entry 24-11 at 46-48.) However, trial counsel testified he did consult with and hired an expert witness, Mr. Gurnt,[5] a retired agent of the State Law Enforcement Division ("SLED") and an expert in blood splatter and crime scene reconstruction investigation, with whom counsel had previously worked. Trial counsel

---

[5]Gurnt is also referred to in court filings as "Girndt."

explained that Bates's "contention all along had been that the . . . victim in the case had been shot from inside the trailer. . . . [T]he firearms folks from SLED and also the Sheriff's Department crime scene folks never determined where the fatal bullet came from. They did sort of a, a cursory investigation." (App. at 928, Docket Entry 24-11 at 79.) According to trial counsel, after Gurnt examined the crime scene, he determined that the fatal bullet came from *outside* the trailer, which was inconsistent with Bates's defense, as Bates and his co-defendants were outside the trailer at the time of the shooting. Trial counsel further explained that, to avoid reciprocal discovery disclosure under Rule 5, SCRCrimP, he did not request Gurnt to produce a report. Finally, trial counsel testified that he told Bates about the result of Gurnt's investigation and that Gurnt's opinion would not be helpful to Bates's defense theory. (App. at 928-30, Docket Entry 24-11 at 79-81.)

The PCR court found that Bates's testimony concerning this issue was not credible but that trial counsel's testimony was highly credible. (App. at 958, Docket Entry 24-11 at 109.) Based upon trial counsel's testimony, the PCR court found that trial counsel "hired the proper expert and articulated a valid, strategic reason for not calling him to testify at trial. Therefore, this Court finds that Petitioner failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard." (Id.) The PCR court further found that Bates failed to establish prejudice. The court noted that Bates did not present any expert testimony at the PCR hearing to indicate the fatal bullet did not come from the outside of the trailer, and observed that the court had left the record open for Bates to determine if he wished to depose Gurnt "to question him solely about what his opinion was on whether the fatal bullet came from the outside or inside. Counsel for Applicant subsequently informed this Court he had investigated and did not intend to depose Gurnt." (App. at 958 & n.3, Docket Entry 24-11 at 109.) The PCR court further noted that Bates disagreed with his PCR counsel's decision; however,

the PCR court "relied on PCR counsel's professional judgment as well as the testimony of trial counsel and closed the record in this matter." (App. at 958 n.3, Docket Entry 24-11 at 109 (noting that South Carolina does not recognize any right to hybrid representation in the PCR context)).

"In considering this claim again on a petition under 28 U.S.C. § 2254, a federal court owes considerable deference to the judgment entered in the state court proceeding." Yarbrough v. Johnson, 520 F.3d 329, 335 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d), (e)). Moreover, Bates has the burden of rebutting by clear and convincing evidence the presumption that state court factual determinations are correct. 28 U.S.C. § 2254(e). In response to the respondent's motion for summary judgment, Bates contends that the PCR court erred by giving great weight to trial counsel's testimony because it was hearsay and that trial counsel did not submit any evidence that he hired an expert. (Docket Entry 35 at 21-22.) However, as required under the second prong of Strickland, Bates has not presented any evidence to demonstrate a reasonable probability that the result of the proceeding would have been different if Gurnt had been called to testify or if other experts had been consulted and called. Strickland, 466 U.S. at 694. Moreover, Bates has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams v. Taylor, 529 U.S. at 410. Accordingly, Bates is not entitled to habeas corpus relief on this ground.

### 3.     Grounds Three and Four (Ineffective Assistance of PCR Counsel/Defective Indictment)

Bates's third ground for relief is ineffective assistance of PCR counsel. While Bates's fourth ground for relief is entitled "Indictment Defective and Unconstitutional Jury Instruction," his supporting facts make it apparent that he is arguing that PCR counsel was ineffective for failing to raise trial counsel's failure to raise these issues at trial. Notwithstanding the respondent's argument that these grounds are procedurally barred, Bates is not entitled to habeas relief based on a claim of

ineffective assistance of PCR counsel. Section 2254(i) states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." Moreover, Bates has no constitutional right to counsel in state habeas proceedings. Coleman, 501 U.S. at 752 (stating that "there is no constitutional right to an attorney in state post-conviction proceedings"); Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (noting that there is "no right to effective assistance of counsel in . . . state habeas proceedings"). There can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982).

Moreover, even if Bates's fourth ground for relief is not based on an allegation of ineffective PCR counsel but is a freestanding claim arguing that his indictment was defective and that the judge provided an unconstitutional jury instruction, these issues were not raised at trial and, therefore, were not preserved for direct appeal. See Mizell v. Glover, 570 S.E.2d 176, 180 (S.C. 2002) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court."). Moreover, Bates could not raise a freestanding claim in a PCR application absent a claim for ineffective assistance of counsel. See Drayton v. Evatt, 430 S.E.2d 517 (S.C. 1993) ("Issues that could have been raised at trial or on direct appeal cannot be asserted in an application for post-conviction relief absent a claim of ineffective assistance of counsel."). Thus, because Bates has not properly exhausted this claim, has not demonstrated sufficient cause for the default and resulting prejudice, and has not shown that a fundamental miscarriage of justice will occur by failing to consider this claim, see Coleman, 501 U.S. at 750, this claim is procedurally barred from federal habeas review. Accordingly, Bates is not entitled to federal habeas relief on either ground three or four.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 23) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 17, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).