IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Marco Bates, #249552, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:08-2273-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| McKiether Bodison, Warden of Lieber Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Marco Bates ("Bates") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment. Bates filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondent's motion for summary judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

Bates is currently incarcerated at Lieber Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On May 8, 1998, Bates was found guilty of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

murder, possession of a firearm during the commission of a violent crime, and discharging a firearm into a dwelling. (Resp't Mem. Supp. Summ. J. Exs. (App. 764).) Bates was sentenced to life imprisonment for murder, ten years' imprisonment for discharging a firearm into a dwelling, and five years' imprisonment for possession of a firearm, all such terms to be served concurrently. (Id. Exs. (App. 773).) Bates was represented at trial and sentencing by Mike Bartosh ("Bartosh").

Bates timely appealed his conviction and sentence and was represented by Robert M. Dudek ("Dudek") on appeal. Bates raised one issue on appeal:

> Whether the judge erred by refusing to instruct the jury on voluntary manslaughter, where there was evidence the drug dealers robbed defendant Thomason by intimidation with a weapon, where the state's evidence also was that the three defendants were enraged by the robbery, acted in concert, proceeded a short distance to the drug dealer's trailer, and shot at it, since this was a shooting in a heat of passion upon a sufficient legal provocation[.]

(Id. Exs. (App. 783).) The South Carolina Supreme Court affirmed Bates' conviction and sentence on September 18, 2000. (Id. Exs. (App. 826-27).)

Bates filed two applications for post-conviction relief ("PCR"), on December 26, 2001 and on January 9, 2002, respectively. Bates also filed amendments to his PCR applications on September 22, 2004 and December 16, 2004. (Id. Exs. (App. 854, 857).) On December 17, 2004, the PCR court held an evidentiary hearing. Bates was represented by Scott D. Robinson ("Robinson"). On November 21, 2006, the PCR court entered an order of dismissal with prejudice. (Resp't Mem. Supp. Summ. J. Exs. (Order of Dismissal, App. 951-65).) Bates filed a timely appeal to the South Carolina Supreme Court. On June 1, 2007, Bates' counsel, Wanda H. Carter ("Carter"), filed a Johnson petition for writ of certiorari raising one issue: "Trial counsel

erred in failing to investigate further into the forensic firearms evidence and to present expert evidence establishing that the fatal bullet fired did not come from petitioner's gun nor his co-defendant's gun (in anticipation of accomplice liability argument)." (Id. Ex. 2 (Johnson Petition 3).) Bates also filed a pro se response to the Johnson petition alleging:

> I. Appellate Counsel was ineffective for failing to raise the issue that the trial Court erred in denying the motion for a directed verdict.
>
> II. Appellate Counsel was ineffective for failing to raise the issue that trial Court erred in denying the motion to sever.
>
> III. Ineffective assistance of trial Counsel for failure to hire and call an expert witness.
>
> IV. Ineffective assistance of trial Counsel for failure to investigate the bullet found in the tree.

(Id. Ex. 3 (Pro Se Resp. 3).) On May 2, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Ex. 4 (May 2, 2008 Order).)

Bates filed the instant § 2254 petition on June 18, 2008,[2] raising the following claims: (1) "whether the court erred in [failing to charge] the jury with voluntary manslaughter;" (2) ineffective assistance of trial counsel; (3) ineffective assistance of PCR counsel; and (4) defective indictment and "unconstitutional jury instruction." (Bates § 2254 Pet., generally.) Respondent filed a motion for summary judgment on October 10, 2008. Bates filed a memorandum in opposition to Respondent's motion for summary judgment on November 20, 2008. Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment. Bates filed objections on July 21, 2009.[3]

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

[3] Id.

3

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Bates has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Bates'] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The magistrate judge recommends granting Respondent's motion for summary judgment because: (1) the trial judge did not err in failing to charge the jury with voluntary manslaughter; (2) Bates' ineffective assistance of trial counsel claims for counsel's failure to move to suppress Bates' codefendants' statements and failure to object to the introduction of three witness statements are procedurally barred; (3) trial counsel was not ineffective for failing to secure an expert witness to testify at trial; and (4) Bates' ineffective assistance of PCR counsel claim is procedurally barred. (Report and Recommendation, generally.) Further, the magistrate judge submits that Bates has failed to show cause or prejudice or a fundamental miscarriage of justice to excuse his procedural default.

Bates filed objections to the Report and Recommendation. After review, however, the court finds that many of Bates' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, Bates provides four specific objections to the magistrate judge's Report. According to Bates, the magistrate judge erred (1) in strictly relying on Beck v. Alabama, 447 U.S. 625, 627 (1980), to determine whether voluntary manslaughter, a lesser included offense, should have been charged to the jury; (2) in finding that two of his ineffective assistance of trial counsel claims are procedurally barred; (3) in finding that the result of the trial would not have been different had an expert been called to testify at trial; and (4) in finding that Bates is not entitled to bring an ineffective assistance of counsel claim against PCR counsel. (Objections, generally.)

First, Bates objects to the magistrate judge's "strict reliance" on Beck in determining that the trial court did not err in failing to charge the jury regarding the lesser included offense of voluntary manslaughter. (Objections 7.) Bates alleges that there was sufficient evidence of provocation to support a voluntary manslaughter instruction. In particular, Bates states that "this was a question to be decided by the jury and in denying the charge I was denied a fair trial." (Bates § 2254 Pet. 6.) Bates' objection is without merit.

In Beck, the United States Supreme Court held that Alabama was constitutionally prohibited from restricting a judge from giving the jury the option of convicting a defendant of a lesser included offense when the defendant is tried for a capital offense. 447 U.S. at 638, 645. According to the Court, a death sentence is not constitutionally imposed when the jury has not been given the option to consider lesser included non-capital offenses where the evidence would have supported a verdict of guilty on the lesser included offense. Id. at 627. "Such a risk cannot be tolerated in a case in which the defendant's life is at stake . . . . [T]here is a significant constitutional difference between the death penalty and lesser punishments." Id. at 637. Accordingly, the Court's holding is limited to capital cases and the Court has specifically reserved the question regarding non-capital cases. See id. at 638 n.14 ("We need not and do not decide whether the Due Process Clause would require the giving of such instructions in a noncapital case.")

Moreover, the United States Court of Appeals for the Fourth Circuit has not addressed the question of whether a trial court must instruct a jury of lesser included offenses in a non-capital case in a published opinion. In Robinson v. North Carolina Attorney General, No. 99-7530, 2000 WL 1793060, *1 (4th Cir. Dec. 7, 2000) (unpublished), the court explained that

7

> the Supreme Court has never held that due process requires lesser-included instructions in non-capital state trials . . . [and] a review of decisions from other courts of appeals establishes that there is no consensus on this question. Consequently, a decision in [the Petitioner's] favor would require the enunciation and retroactive application of a <u>new rule</u>, in violation of § 2254(d)(1) and <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

Accordingly, the court finds that the state court's decision not to charge the jury on lesser included offenses was not an unreasonable application of clearly established law as decided by the United States Supreme Court. Therefore, Bates' objection is without merit.

Second, Bates objects to the magistrate judge's conclusion that two of his ineffective assistance of trial counsel claims are procedurally barred. Bates alleges that his trial counsel was ineffective for failing to (1) move to suppress his codefendants' statements; (2) "object regarding three possible witnesses' statements and to investigate and call these witnesses;" and (3) "hire and call an expert witness." (Bates § 2254 Pet. Attach. (Ground Two Claims).) Bates asserted these claims in his PCR application. (Resp't Mem. Supp. Summ. J. Exs. (App. 951-65).) However, Bates did not raise the failure to move to suppress and failure to object to witness statements ineffective assistance of counsel claims on his PCR appeal. Accordingly, those claims are procedurally barred from federal habeas review.

"It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." <u>Breard v. Greene</u>, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Procedural default may be excused only if

8

Bates "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Bates, however, has presented no evidence to establish cause or prejudice. As such, his objection is without merit.

Third, Bates objects to the magistrate judge's conclusion that his trial counsel was not constitutionally ineffective in failing to secure an expert witness to testify at trial. (Bates § 2254 Pet. Attach. (Ground Two Claims).) Bates asserts that if the expert had testified at trial "the result of the trial would have resulted in an acquittal." (Objections 19.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Bates must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Bates must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Bartosh testified at the PCR hearing that he consulted and hired an expert in blood splatter and crime scene reconstruction, Don Gurnt ("Gurnt"). (Resp't Mem. Supp. Summ. J. Exs. (App. 958).). According to Bartosh, Gurnt determined that the fatal bullet came from outside of the trailer where Bates and his codefendants were located at the time of the shooting.

9

Consequently, Bartosh declined to use Gurnt as an expert witness because it was not helpful to Bates' defense. The PCR court found that Bartosh's testimony was "highly credible" and held that Bartosh "hired the proper expert and articulated a valid, strategic reason for not calling him to testify at trial." (Id. Exs. (App. 958).) Based on the foregoing, the court finds that Bates' trial counsel was not constitutionally ineffective in failing to require Gurnt to testify at trial. Further, Bates has failed to establish prejudice. Based on the foregoing, the court finds that the PCR court's decision was not contrary to clearly established federal law, and the decision was not unreasonable. Accordingly, Bates' objection is without merit.

Lastly, Bates argues that the magistrate judge erred in concluding that he has no cognizable ineffective assistance of counsel claim against his PCR counsel. (Objections 21.) "There is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. at 752. "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Id. Moreover, § 2254(i) plainly states, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, Bates' objection is without merit.

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 23, is granted, and Bates' § 2254 petition, docket number 1, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 5, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.